UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 OCT 21  P 2: 31

US DISTRICT COURT
HARTFORD CT

SUSAN PULLEN,
  Plaintiff,

v.                                     Civil No. 3:003CV00962 (AVC)

P & D AUTO LLC, AND
SOURCE ONE FINANCIAL CORP.,
  Defendants.

### ORDER DENYING THE DEFENDANT'S MOTION TO DISMISS

This is an action for a declaratory judgment, an injunction and damages, brought by Susan Pullen, pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701, the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-11a, the Connecticut Odometer Law, Conn. Gen. Stat. § 14-106b, and the Connecticut Truth in lending Act, Conn. Gen. Stat. § 36a-676. The complaint alleges that Pullen and P & D Auto, LLC, entered into a consumer credit installment contract. Source One Financial Corp. ("Source One") is the assignee of the contract. Source One has filed the within motion to dismiss pursuant to Fed. R. Civ. P 12(b)(1) contending that this court lacks subject matter jurisdiction because the plaintiff failed to submit the alleged dispute to arbitration as required under the relevant contract. As articulated hereinafter the motion to dismiss (document no. 10) is DENIED without prejudice to its refiling in accordance with this order.

Generally, "a claim that the failure to arbitrate precludes

the maintenance of an action cannot properly be raised on a motion to dismiss for lack of subject matter jurisdiction." WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350 (2d Ed. 1990); see also West v. Merillat Industries, Inc., 92 F. Supp. 2d 558, 561 (W.D. Va. 2000); Stricks v. Homalloy, 352 F. Supp. 844, 847-48 (E.D. Pa. 1972). Rather, such a claim should be raised by way of a petition for a stay or dismissal filed pursuant to the Federal Arbitration Act; more specifically, 9 U.S.C. § 3.[1] See Carey v. Connecticut General Life Insurance Co., 93 F. Supp. 2d 165, 166 n.1 (D. Conn. 1999). Nevertheless, some courts have permitted such claims to be raised by way of a motion to dismiss where it is clear that "the motion is properly brought under the Federal Arbitration Act," and where the arguments presented indicate that the motion to dismiss serves as the functional equivalent of a motion brought pursuant to 9 U.S.C. § 3. Carey v. Connecticut General Life Insurance Co., 93 F.Supp 2d 165, 166 n.1 (D. Conn. 1999); see also Thompson v. Nienaber, 239 F. Supp.2d 478, 483-84 (D.N.J. 2002). In other words, if a motion to dismiss serves as the functional equivalent of a 9 U.S.C. § 3 motion, a movant's procedural failure does not require dismissal.

---

[1] 9 U.S.C. § 3 provides: "If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration."

See Thompson v. Nienaber, 239 F. Supp. 2d 478, 483-84 (D.N.J. 2002).

To determine if the defendant's motion to dismiss serves as the functional equivalent of a motion brought pursuant to 9 U.S.C. § 3, the court examines the standard applied to a motion filed pursuant to 9 U.S.C. § 3. "A court asked to stay [or dismiss] proceedings pending arbitration must resolve four issues: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration." Oldroyd v. Elmira Savings Bank, F.S.B., 134 F.3d 72, 75-76 (2d Cir. 1998).

Neither party employs this standard in their motion papers. Further, although the party's motion papers may fairly be construed to address the first, and perhaps the second prong of the test, neither party addresses the third or fourth prong. Consequently, having examined the arguments presented, the court concludes that the motion papers fail to present the relevant arguments necessary to a motion filed pursuant to 9 U.S.C. § 3. Therefore, the motion to dismiss cannot be considered the functional equivalent of a motion filed pursuant to 9 U.S.C. § 3.

Accordingly, the motion to dismiss (document no. 10) is DENIED without prejudice. The defendant may refile the motion in accordance with this order.

It is so ordered this 21st day of October, 2003 at Hartford, Connecticut.

_____
Alfred V. Covello
United States District Judge