FILED

UNITED STATES DISTRICT COURT  OCT 27  P 1:43
DISTRICT OF CONNECTICUT

US DISTRICT COURT
HARTFORD CT

SUSAN PULLEN, Plaintiff

VS.

CIVIL ACTION NO.
303 CV 00962 (AVC)

P & D AUTO LLC and SOURCE
ONE FINANCIAL CORP., Defendants

OCTOBER 24, 2003

### MEMORANDUM OF LAW IN SUPPORT OF SOURCE ONE FINANCIAL CORPORATION'S PETITION FOR STAY OR DISMISSAL

#### Statement of Facts

On or about March 7, 2003, Plaintiff entered into a consumer credit transaction with Defendant P&D Auto LLC ("P&D") to finance the purchase of a used vehicle. (Complaint, ¶ 6). A copy of the retail installment contract reflecting this transaction is attached as Exhibit A (the "Contract"). Defendant Source One ("Source One") is the assignee of the Contract. (Complaint, ¶ 5; see also Exhibit A, at 2, bottom).

> The Contract, which Plaintiff executed, contains the following arbitration provision:
>
> I further agree and attest that <u>any disputes</u> relating to this Contract or interpretation of this contract <u>shall be resolved via arbitration</u> before a single arbitrator to be mutually agreed on, and that <u>I will not initiate any other legal action without first submitting the dispute to arbitration</u>.

(Emphasis added).

In this action, Plaintiff has sued P&D and Source One for various alleged violations in connection with the consumer credit transaction and the Contract that forms the basis of that transaction. Specifically, this is an action for a declaratory judgment, an injunction, and

**ORAL ARGUMENT NOT REQUESTED**

damages for claimed violation of the Truth In Lending Act, 15 U.S.C. § 1601 et seq., for claimed violation of the Motor Vehicle Information and Cost Saving Act (Odometer Law), 49 U.S.C. § 32701 et seq., for claimed violation of the Connecticut Unfair Trade Practices Act, Conn. Gen. Stat. § 42-110a, for claimed violation of the Connecticut Odometer Law, Conn. Gen. Stat. § 14-106b, and for claimed violation of the Connecticut Truth In Lending Act, Conn. Gen. Stat. § 36a-676, et seq. (Complaint, ¶ 1).

### **Argument and Citation of Authorities**

The Connecticut Supreme Court has established that arbitration provisions such as the one at issue are enforceable:

> Where a contract contains a stipulation that the decision of arbitrators on certain questions shall be a condition precedent to the right of action on the contract itself, such a stipulation will be enforced and, until arbitration has been pursued or some sufficient reason given for not pursuing it, no action can be brought on the contract.

Multi-Service Contractors v. Town of Vernon, 181 Conn. 445, 447, 435 A.2d 983 (1980) (citing Kantrovitz v. Perlman, 156 Conn. 224, 227-28, 240 A.2d 891 (1968)).

Here, Plaintiff agreed: "I will not initiate any other legal action without first submitting the dispute to arbitration." (Emphasis added). Thus, Plaintiff specifically agreed that arbitration was a condition precedent to bringing a lawsuit in court. Therefore, she cannot pursue this action in this Court until she has pursued arbitration.

The Federal Arbitration Act, 9 U.S.C. §3, provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding

2

is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

As noted by the Court, a court asked to stay or dismiss proceedings pending arbitration must resolve four issues: (1) whether the parties agreed to arbitrate; (2) the scope of the agreement; (3) if federal statutory claims are asserted, whether Congress intended for those claims to be nonarbitrable; and (4) if a court deems some, but not all, of the claims to arbitrable, whether to stay the balance of the proceedings pending arbitration. Oldroyd v. Elmira Savings Bank, F.S.B., 134 F.3d 72, 75-76 (2d Cir. 1998).

As to the first issue, the parties specifically agreed that they would arbitrate any disputes relating to the Contract and that they would not initiate any other legal action without first submitting the dispute to arbitration.

Second, the arbitration provision states that <u>any</u> disputes relating to the Contract or interpretation of the contract must be resolved by arbitration. All of Plaintiff's claims arise out of the Contract. In addition, under the terms of the arbitration provision, the parties agreed that they would not initiate <u>any other legal action</u> without first submitting the dispute to arbitration. By its very terms, the arbitration provision is clearly broad enough to cover all of Plaintiff's claims.

Third, there is nothing to indicate that Congress intended that either of Plaintiff's federal statutory claims should be nonarbitrable. In Fayer v. Town of Middlebury, 258 F.3d 117, 122 (D. Conn. 2001) (citing Green Tree Financial Corp. v. Randolph, 531 U.S. 79 (2000)), this Court granted the defendant's motion to compel arbitration of the plaintiff's

3

Truth in Lending Act claims. Counsel for Source One could find no case holding such a claim to be nonarbitrable. Likewise, counsel for Source One could find no legal authority suggesting that Congress intended for Plaintiff's claim of a violation of the Motor Vehicle Information and Cost Savings Act, 49 U.S.C. §32701, to be nonarbitrable. The rest of Plaintiff's claims are not based on federal statutes.

Because Congress did not intend for any of Plaintiff's federal statutory claims to be nonarbitrable, the Court need not address the fourth prong of the analysis.

Because the test stated in Oldroyd, 134 F.3d at 75-76 is satisfied, the Court must either stay or dismiss the present action pending arbitration, pursuant to the Federal Arbitration Act. As stated in Progressive Casualty Ins. v. C.A. Reaseguradora Nacional De Venezuela, 991 F.2d 42,45 (2d Cir. 1993) (quoting Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24 (1983)), "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."

WHEREFORE, Source One Financial Corporation respectfully requests that its petition for stay or dismissal be granted.

        Respectfully submitted,

        SOURCE ONE FINANCIAL CORPORATION

BY: _____
Arthur K. Engle (ct# 21762)
RUCCI, BURNHAM, CARTA & EDELBERG, LLP
30 Old Kings Highway South
Post Office Box 1107
Darien, Connecticut 06820
Tel: (203) 899-3334
Fax: (203) 655-4302
Email: aengle@rbce.com

# SOURCE ONE FINANCIAL CORP.
183 WASHINGTON STREET, NORWELL, MA 02B

**RETAIL INSTALLMENT CONTRACT — SUBJECT TO STATE REGULATION — MOTOR VEHICLE** — WEEKLY INSTALLMENTS

Security Agreement — Conditional Sales

| BUYER(S) | | SELLER | |
|---|---|---|---|
| NAME | Susan Pullen | NAME | P & D AUTO LLC |
| NAME | | ADDRESS | 188 NORWICH AVE |
| ADDRESS | 65 Central Ave | CITY | NORWICH, CT 06360 |
| CITY | Norwich  STATE CT  ZIP 06854 | | ACCOUNT NO. |

All references to "You" and "Your" means each Buyer above, jointly and severally. The terms "Creditor", "us" and "we" refer to Seller and Seller's assignee. You may buy the vehicle described below for cash or on credit. The cash price is shown below as the "Cash Price". The credit price is shown below as "Total Sale Price". You have elected to purchase from us on a Total Sale Price basis, upon the conditions set forth below and on the reverse side of this Retail Installment Contract ("Contract"), the following property ("Property"), delivery and acceptance of which in good condition and repair is hereby acknowledged by you.

Seller agrees to sell and Buyer agrees to buy from Seller, and grant to said Seller a security interest in one

| New/Used | Year | Make | Model | Body Style | Vehicle Identification Number | Odometer Reading |
|---|---|---|---|---|---|---|
| USED | 1992 | G.M.C. | S-15 Jimmy | 4DR | 1GKCT1824N0504348 | 126,394 |

together with all equipment used therewith and accessories therefor (all of which are hereinafter referred to as "property"). The Buyer agrees to pay to the Seller the principal sum of $ 5751.64 with interest from the date hereof on the unpaid principal balance outstanding from time to time at the rate of 18.79 percent per annum to the extent, permitted by law until the principal balance is paid in full, with all payments to be applied first to interest, then to insurance charges, if any, and the remainder to principal, such amount to be repaid in 98 consecutive weekly installments of $ 69.80 each, the first such installment to be due on 3/13/03, and the remaining installments on the THURS of each week thereafter.

The payment schedule assumes that all payments are made on the due date. If payments are made late the amount of interest payable hereunder may increase. Further, the Holder shall charge a late charge as disclosed in the "Late Charge" paragraph below. This Note may be prepaid in full at any time without penalty, provided that prior to or at the same time of any such prepayment the undersigned shall have paid to Holder the interest accrued to the date of such prepayment.

Holder shall charge $10.00 in the event that any check delivered to it as payment is returned to it unpaid.

| *☐ ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | *☐ FINANCE CHARGE The dollar amount the credit will cost you. | *☐ Amount Financed The amount of credit provided to you or on your behalf. | *☐ Total of Payments The amount you will have paid when you have made all scheduled payments. | *☐ Total Sale Price The total cost of your purchase on credit, including your down payment of $ 1,000.— |
|---|---|---|---|---|
| 18.79 % | $ 1088.68 | $ 5751.64 | $ 6840.32 | $ 7840.32 |

**Payment Schedule:**

| *☐ NUMBER OF PAYMENTS | *☐ AMOUNT OF PAYMENTS | *☐ WHEN PAYMENTS ARE DUE |
|---|---|---|
| 97 | 69.80 | Beginning on 3/13/03 and every Thurs. |
| 1 | 69.72 | thereafter. Final payment |

**Security:** You are giving a security interest in the goods or property being purchased.
**Late Charge:** If a payment is more than 10 days late, you will be charged 5% of the payment or $10, whichever is less.
**Prepayment:** If you pay off early, you may be entitled to a refund of part of the Finance Charge.
**Additional Information:** See below and the other side of this Contract for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

### ITEMIZATION OF AMOUNT FINANCED

1. Cash Price (including accessories and improvements to the Property) ........................... $ 4995.— (1)
2. Sales Tax ........................................................................... $ 211.64 (2)
3. Down Payment Calculation: Cash Down Payment ............... $ 1,000.— (A)
   Gross Trade-In ........ $_____ (B)
   Trade-In Description:     Payoff Made by Seller
   Make: _____ to: _____ $_____ (C)
   Model: _____ Net Trade-In .................. (B-C) $_____ (D)
   Total Down Payment ........................ (A + D) $ 1,000.— (3)
4. Unpaid Balance of Cash Price (1 + 2 less 3) ............................................. $_____ (4)
5. Other Charges Including Amounts Paid to Others on Your Behalf:
   *(Notice: A portion of these charges may be paid to or retained by Seller.)
   A. Cost of Optional Mechanical Repair Insurance Paid to Insurance Company* .... $ 740.— (A)
   B. Cost of Optional VSI Insurance* ............................................ $ 200.— (B)
   C. License, Title and Registration Fees Paid to Public Officials ..................... $ 56.— (C)
   D. Other Charges (Seller must identify who will receive payment and describe purpose)* $ 449.— (D)
      to P&D AUTO LLC    for CONVEYANCE   199.
      to EVERGREEN       for GAP INS.    250.—
   Total of Other Charges and Amounts Paid to Others on Your Behalf ................ $ 1445.— (5)
6. Less Prepaid Finance Charge ........................................................ $_____ (6)
7. Amount Financed – Unpaid Balance (4 + 5 less 6) ....................................... $ 5751.64 (7)

**PROPERTY INSURANCE:** You must insure the Property securing this Contract. You may purchase or provide the insurance through any insurance company reasonably acceptable to us. The collision coverage deductible may not exceed $500.
**YOU HAVE THE RIGHT TO CHOOSE THE PERSON THROUGH WHOM THE MOTOR VEHICLE PHYSICAL DAMAGE INSURANCE REQUIRED UNDER THIS CONTRACT IS TO BE OBTAINED.**
**THE INSURANCE CONTRACTED FOR IN CONNECTION WITH THIS SECURITY AGREEMENT DOES NOT PROVIDE FOR LIABILITY INSURANCE FOR BODILY INJURY AND PROPERTY DAMAGES CAUSED TO OTHERS OR COMPLY WITH ANY STATE LIABILITY LAWS.**

**SERVICE CONTRACT:** Although you are not required to do so, by initialing below you are indicating that you wish to buy a service contract covering the repair of certain major mechanical breakdowns of the vehicle and related expenses. Refer to the service contract for details about coverage and duration.    Service Contract Price $ 740.—  Your Initials S.P.   Term: 12 MONTHS/12,000

**VENDOR'S SINGLE INTEREST INSURANCE:** If the box is checked below, I am required to provide Vendor's Single Interest Insurance Coverage (which may also be called VSI Insurance in this Contract until the due date of the last installment under this Contract, and I may obtain such insurance through a broker or agent of my own choice. Seller or Assignee offers such insurance at the following rate:
☐-Vendor's Single Interest Insurance........ $ 200.—  This Insurance is solely for the interest of Seller or Assignee and no protection exists for the benefit of the Buyer, Co-Buyer or Registrant.

| The name, address and telephone number where questions about billing errors may be directed is: | STREET, ADDRESS, CITY, STATE & ZIP | PHONE NO. |
|---|---|---|
| SOURCE ONE FINANCIAL CORP. | 140 WOOD ROAD, BRAINTREE, MA 02184 | 1-781-843-9311 |

**ADDITIONAL TERMS AND CONDITIONS:** THE ADDITIONAL TERMS AND CONDITIONS, INCLUDING THE DISCLOSURE NOTICE SET FORTH ON THE REVERSE SIDE HEREOF ARE A PART OF THIS CONTRACT AND ARE INCORPORATED HERE AND BY REFERENCE.

BY SIGNING BELOW, BUYER AGREES TO THE TERMS ON THE FRONT AND BACK OF THIS CONTRACT AND ACKNOWLEDGES RECEIPT OF A COPY OF THIS CONTRACT.

**NOTICE TO THE BUYER:**
1. Do not sign this Contract before you read it or if it contains any blank space. 2. You are entitled to a completely filled-in copy of this Contract when you sign it. 3. Under the law, you have the following rights, among others: (a) to pay off in advance the full amount due and obtain a partial refund of any unearned finance charge; (b) to redeem the property if repossessed for a default; (c) to require, under certain conditions, a resale of the property if repossessed.

This Retail Installment Contract is hereby accepted by the Seller named below and is hereby assigned to Source One Financial Corp. in accordance with the terms of the assignment set forth on the reverse side of this document.

Signed by the parties hereto this 6TH day of MARCH 03

Seller: P & D AUTO LLC
       188 NORWICH AVE
       NORWICH, CT 06360  Title: _____   Buyer: Susan Pullen
By: _____                                 Buyer: _____

NOTICE SEE OTHER SIDE           CONNECTICUT MOTOR VEHICLE
©2000 Bankers Group Purchasing, Waltham, MA 02453 (1/00)

Exhibit A

**OWNERSHIP AND RISK OF LOSS.** You agree to... the Creditor all you owe under this Contract even if... is damaged, destr... or missing. You agree not to... or Canada... icle or this Contract without the Creditor's written permission. You agree... expose the vehicle to misuse or confiscation. You will make sure the Creditor's security interest (lien) on the vehicle is shown on the title. If the Creditor pays any repair bills, storage bills, taxes, fines, or other charges on the vehicle, you agree to repay the amount when the Creditor asks for it.

You understand and agree that some of the payments to third parties to this Contract may involve money retained by us or paid back to us as commissions, fees or income.

**SECURITY INTEREST.** You give the Creditor a security interest in (1) the vehicle being purchased, (2) any accessories, equipment and replacement parts installed in the vehicle, (3) any insurance premiums and charges for service contracts returned to the Creditor, (4) any proceeds of insurance policies or service contracts on the vehicle, and (5) any proceeds of insurance policies on your life or health which are financed in this Contract. This secures payment of all amounts you owe in this Contract and in any transfer, renewal, extension or assignment of this Contract. It also secures your other agreements in this Contract.

**REFUND CALCULATION.** If you prepay in full or if you default and we demand payment of the unpaid balance, you may be entitled to a refund credit of part of the precomputed finance charge. If the term of the Contract is 208 weeks, 15 days or less, we will determine the credit using the sum of the balance method provided for in Conn. Gen. Stat. §36a-763. We will retain the $15 acquisition cost allowed by the statute. If the term of this Contract is greater than 208 weeks, 15 days, we will use an actuarial method to determine the credit. We will apply the credit to the amount you owe us or refund it to you. We will not refund amounts less than $1.

**PREPAYMENT.** Any partial prepayment will not excuse any later scheduled payments. All payments must be made until the obligation is paid in full.

**REQUIRED PHYSICAL DAMAGE INSURANCE.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this Contract. At any time during the term of this Contract, if you do not have physical damage insurance which covers both the interest of you and the Creditor in the vehicle, then the Creditor may buy it for you. If the Creditor does not buy physical damage insurance which covers both interests in the vehicle, it may, if it decides, buy insurance which covers only the Creditor's interest.

The Creditor is under no obligation to buy any insurance, but may do so if it desires. If the Creditor buys either of those coverages, it will let you know what type it is and the charges you must pay. The charge will consist of the cost of the insurance and a finance charge, at the highest lawful contract rate. You agree to pay the charge in equal installments along with the payments shown on the payment schedule.

If the vehicle is lost or damaged, you agree that the Creditor can use any insurance settlement either to repair the vehicle or to apply to your debt.

**LATE CHARGE.** You will have to pay a late charge on each payment received by the Creditor more than ten days late. The charge is shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you can keep making payments after they are due. The Creditor may also take the steps set forth in this Contract if there is any late payment.

**OPTIONAL INSURANCE OR SERVICE CONTRACT.** This Contract may contain charges for optional insurance or service contracts. If the vehicle is repossessed, you agree that the Creditor may claim benefits under these contracts and terminate them to obtain refunds for unearned charges.

**INSURANCE OR SERVICE CONTRACT CHARGES RETURNED TO CREDITOR.** If any charge for required insurance is returned to the Creditor, it may be credited to your account or used to buy similar insurance or insurance which covers only the Creditor's interest in the vehicle. Any refund on optional insurance or service contracts obtained by the Creditor will be credited to your account.

Credits to your account will include both the amounts received by the Creditor and the unearned Finance Charges on those amounts. These credits will be applied to as many of your installments as they will cover, beginning with the final installment.

**REQUIRED REPAYMENT IN FULL BEFORE THE SCHEDULED DATE.** If you fail to pay any payment within 10 days after it is due according to the payment schedule, if a proceeding in bankruptcy, receivership or insolvency is started by you or against you or your property; or if you break any of the agreements in this contract (default), the Creditor can demand that you pay all you owe on this Contract at once. In figuring what you owe, the Creditor will give you a refund of part of the Finance Charge figured the same as if you had prepaid in full.

**REPOSSESSION OF THE VEHICLE FOR FAILURE TO PAY.** Repossession means that, if you fail to pay any payment within 10 days after it is due according to the payment schedule or if you break any of the agreements in this Contract (default), subject to any right to cure that you may exercise, the Creditor can take the vehicle from you. Buyer acknowledges that the Pr... may be equipped by Seller with an electronic vehicle tracking and recovery syst... (...) system can be utilized by... the Financial Cor... to locate the...pos... ...oses of recovery in the even... are in default.

To take the vehicle the Creditor can enter your property, or the property where it is stored, so long as it is done peacefully. You hereby acknowledge and agree that any personal property contained within the Property may be removed and held without liability to Seller or its agent. It is your responsibility to promptly and immediately contact Creditor in an attempt to have arrangements made to return personal property. Any accessories, equipment or replacement parts will remain with the vehicle.

**GETTING THE VEHICLE BACK AFTER REPOSSESSION.** If the Creditor repossesses the Property, you have the right to get it back only as allowed by state law. If a 10-day notice to cure letter was mailed before repossession, you can get the Property back by paying the entire amount you owe on the Contract (not just past due payments) plus any late charges, the cost of taking and storing the property, and any other expenses the Creditor has had. In figuring the amount you owe on the Contract, the Creditor will give you a refund for part of the finance charge figured the same as if you had prepaid your Contract. Your right to redeem will end when the Property is sold. If a notice to cure was not sent prior to repossession, you can reinstate the Contract and get the Property back by paying all past due amounts, including late fees and the cost of taking and storing the Property, within 15 days of repossession.

**SALE OF THE REPOSSESSED VEHICLE.** You agreed that if any notice is required to be given to you of an intended sale or transfer of the Property that the notice is reasonable if mailed to your last known address, as reflected in our records, at least ten days before the date of the intended sale or transfer (or such other period of time as is required by law). If the vehicle is sold, the Creditor will use the net proceeds of the sale to pay all or part of your debt.

The net proceeds of sale will be figured this way: Any late charges and any charges for taking, storing and selling the vehicle, cleaning and advertising, etc., and any attorney fees and court costs will be subtracted from the selling price.

If you owe the Creditor less than the net proceeds of sale, the Creditor will pay you the difference, unless required to pay it to someone else. For example, the Creditor may be required to pay a lender who has given you a loan and also taken a security interest in the Vehicle.

In accordance with Conn. Gen. Stat. Ann. §36a-785, if the original cash price of the vehicle was in excess of $2000.00, you will be liable for a deficiency in the amount by which the fair market value of the vehicle is less than the balance due under the contract, plus the actual and reasonable expense of retaking possession.

**COLLECTION COSTS AND ATTORNEY FEES.** If you default and the Creditor hires an attorney to collect what you owe and the attorney is not a salaried employee of Creditor, you agree to pay attorney fees up to 15% of the amount due plus court fees.

**DELAY IN ENFORCING RIGHTS AND CHANGES OF THIS CONTRACT.** The Creditor can delay or refrain from enforcing any of its rights under this Contract without losing them. For example, the Creditor can extend the time for making some payments without extending others. Any change in terms of this Contract must be in writing and signed by the Creditor. No oral changes are binding. If any part of this Contract is not valid, all other parts will remain enforceable.

**WARRANTIES SELLER DISCLAIMS.** You understand that the Seller is not offering any warranties and that there are no implied warranties of merchantability of fitness for a particular purpose, or any other warranties, express or implied by the Seller, covering the vehicle unless the Seller extends a written warranty or service contract within 90 days from the date of this Contract.

This provision does not affect any warranties covering the vehicle which may be provided by the vehicle manufacturer.

**USED CAR BUYERS GUIDE.** The information you see on the window form for this vehicle is part of this Contract. Information on the window form overrides any contrary provisions in the contract of sale.

**INTEREST AFTER MATURITY.** Buyers further agree to pay interest at 8% on any amounts which remain unpaid after maturity of this Contract.

**JUDGMENT RATE.** Interest on any judgment awarded on this Contract will be at 10% or at the rate permitted by applicable law.

**GOVERNING LAW.** The terms of this Contract are governed by Connecticut law.

**DISPUTE RESOLUTION AND GOVERNING LAW.** I further agree and attest that any disputes relating to this Contract or interpretation of this contract shall be resolved via arbitration before a single arbitrator to be mutually agreed on, and that I will not initiate any other legal action without first submitting the dispute to arbitration. I agree that, if the parties cannot agree on an arbitrator, arbitration shall be before the American Arbitration Association and in accordance with its rules. Finally, I agree that the decision of the arbitrator shall be binding on the parties.

**NOTICE**

ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

**DISCLOSURE NOTICE**

Buyer understands that the Cash Price of the vehicle is set forth in Line 1 on the front side of this Contract. Buyer understands that this "Cash Price" is the Cash Price that the Seller would have charged the Buyer had the vehicle been purchased with cash. Buyer acknowledges that the Seller did not quote Buyer a lower Cash Price for the vehicle and that the Seller did not increase the price of the vehicle because Buyer was purchasing the vehicle on credit or because this Contract would be assigned to Source One Financial Corp.

Buyer understands that the Seller which sold the vehicle retains an interest in the payments Buyer makes to Source One Financial Corp. After the amounts initially paid to the Seller by Source One Financial Corp. are recovered by Source One Financial Corp., and after Source One Financial Corp. earns the percent payment discussed previously, the Seller will begin to receive credit on Buyer's account.

Buyer understands that the Seller's agreement with Source One Financial Corp. does not in any way affect the amount of Buyer's obligation under this Contract as Buyer purchased the subject vehicle on terms acceptable to Buyer with full and complete knowledge that Source One Financial Corp. will advance to the Seller only a portion of the amount Buyer has actually agreed to pay and that Source One Financial Corp. will retain the "discount".

**NON-RECOURSE ASSIGNMENT:** The undersigned Seller hereby sells, assigns, transfers and conveys to the Lending Institution stated on the front side of this Contract, hereinbefore and hereinafter called "Assignee", its successors and assigns without recourse, except as provided in the warranty hereinabove set-forth incorporated herein by reference and made a part hereof, the Contract on the reverse side hereof, together with all of its right, title, and interest in and to the property described in said Contract and all rights and remedies thereunder, including the right to collect all installments due thereunder and the right either in the name of the Assignee or of the Seller, to take all such proceedings as the Seller might have taken save for this assignment.

Witness the signature and seal of the Seller at

City ~~Source One Financial Corporation~~
     183 E. Washington Street                     State _____  Date _____

Seller _____     By _____
                                              (Official Title)

**RECOURSE ASSIGNMENT:** The undersigned Seller hereby sells, assigns, transfers, and conveys to the Lending Institution stated on the front side of this Contract, hereinbefore and hereinafter called "Assignee", its successors and assigns, the Contract on the reverse side hereof, together with all of the right, title, and interest of the Seller in and to the property described in said Contract and all rights and remedies thereunder, including the right to collect all installments due thereunder and the right, either in the name of the Assignee or of the Seller, at this assignment's election, to take all such proceedings as the Seller might have taken for this assignment. It is expressly understood and agreed that the warranty hereinabove set forth shall be and hereby is incorporated herein by reference and made a part of. The Seller hereby guarantees to the Assignee the full, prompt, and faithful performance and observance by the Buyer named in said Contract of all of the terms, covenants, and conditions in said Contract contained on the part of the Buyer therein to be kept, performed, and observed. The Seller does hereby waive any and all notice or requirements of notice of default on the part of the Buyer in the performance of any of said terms, covenants, or conditions or against any other security or party to secure the Assignee's satisfaction of any damage by reason of non-performance or non-observance by the Buyer of the said terms, covenants, or conditions. Without in any way limiting the generality of anything herein contained, no failure on the part of the Assignee to take action with respect to said property or to protect or safeguard said property or an interest therein of the Assignee or Seller shall relieve the Seller in any way from liability under this guaranty. The Seller does hereby further agree that the Assignee shall have the right, at its election, at any time and from time to time to extend or postpone the time for the performance or observance of to modify or amend or to grant any indulgences with respect to all or any of the terms, covenants or conditions of said Contract on the part of the Buyer to be performed or observed; and no such extension or postponement of time, modification, amendment, or granting of any such indulgences shall relieve the Seller to any extent from its liability and obligations hereunder.

Witness the signature and seal of the Seller at

City _____ P & D AUTO LLC _____     State _____   Date 3/6/03
            138 NORWICH
Seller _____ NORWICH, CT 06___     By _[signature]_ (Official Title)

NOTICE: The terms of this agreement are contained on both sides of this page.

©2002 Bankers Group Purchasing, Waltham, MA 02453 (1/02)-230110

CERTIFICATION

I hereby certify that a copy of this petition was sent U.S mail, postage prepaid, this 24th day of October, 2003, to the following:

Michael W. Kennedy, Esq.
101 West Main Street
Branford, Connecticut 06405

P & D Auto LLC
138 Norwich Avenue
Norwich, Connecticut 06360

_____
Arthur K. Engle (ct# 21762)

5