UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
2003 DEC -5 P 1: 54

US DISTRICT COURT
HARTFORD CT

| | | |
|---|---|---|
| SUSAN PULLEN, Plaintiff | : | CIVIL ACTION NO. |
| | | 303 CV 00962 (AVC) |
| VS. | | |
| P&D AUTO LLC and Source ONE FINANCIAL CORP., Defendants | | NOVEMBER 24, 2003 |

### MEMORANDUM IN SUPPORT OF OBJECTIONS TO PETITION FOR STAY OR DISMISSAL

The plaintiff in the above entitled matter respectfully requests that the Court deny defendant's "Source One Financial Corporation's Petition For Stay or Dismissal of Action Pending Arbitration," dated October 24, 200.

**I. Factual Background**

On July 28, 2003 Defendant Source One Financial Corporation filed a "Motion to Dismiss For Lack of Subject Matter Jurisdiction," and Memorandum in support. Plaintiff filed a Memorandum in Objection to Motion to Dismiss on September 2, 2003. Thereafter on October 21, 2003 the court issued a ruling denying Defendant's motion stating: "Having examined the arguments presented, the court concludes that the motion papers fail to present the relevant arguments necessary to a motion filed pursuant to 9 U.S.C. Sec. 3." (Covello, A. on October 21, 2003) The court further provided that the standard was as follows: "First, it must determine whether the parties agreed to

1

arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some but not all, of the claims in the case are arbitrable, it must then decide whether to stay the balance of the proceedings pending arbitration." (Covella, A. citing <u>Oldroyd v. Elmira Savings Bank, F.S.B.</u>, 134 F.3d 72, 75-76 (2d Cir. 1998).

With respect to the first two prongs, Plaintiff submits that the language Defendant refers to is entirely too ambiguous to constitute an agreement to arbitrate. In the alternative, if there is an agreement to arbitrate the language of the clause indicates that it should be interpreted as binding the Defendant only. In addition, Plaintiff also resubmits all arguments made in Plaintiff's "Memorandum in Support of Objections to Motion to Dismiss" dated September 2, 2003 invalidating this clause based on Connecticut State law.

"An arbitration clause in a contract is a written submission to arbitration, agreed to by parties to contract, and must be construed according to its language and in light of circumstances in which it was made." <u>Batter Bldg. Materials Co. v. Kirschner</u> 1955) 142 Conn. 1. Defendant highlights a portion of the contract which provides: "*I further agree and attest that any disputes relating to this contract or interpretation of this contract shall be resolved via arbitration...*" (Emphasis added) Defendant is indecisive as to whether he feels that "I" applies to either the buyer, or both the buyer and the seller. In Defendant's memorandum dated July 28, 2003, Defendant presumes that "I" should be understood to mean buyer. Defendant's July 28, 2003 memorandum contains no reference to his claim in his October 24, 2003 memorandum which indicates that I should mean both the buyer and the seller. The contract itself indicates that "I" is either the seller or some one representative of the seller. The first clause of the contract provides all references to "*you*" and "*your*" means each buyer

2

above, jointly and severally, The terms "Creditor," "us" and "we" refer to seller and seller's assignee. (Emphasis added) Not only is "I" the singular expression of the pronoun "we", See "Oxford American Desk Dictionary and Thesaurus," (Second Edition) (2001) but in every other clause, the buyer is referred to as "you" and "your."

With respect to the third clause, whether congress intended the claims to be arbitrable, the supreme court has indicated that "the existence of large arbitration costs could preclude a litigant.....from effectively vindicating her federal statutory rights in the arbitral forum." Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79, 90, 121 S.CT. 513, 148 L.Ed.2d 373 (2000). In Plaintiff's memorandum dated September 2, 2003 we listed several decisions in other circuits whereby the court declined to enforce arbitration provisions in which plaintiff demonstrated a financial hardship. See Camacho v. Holiday Homes, Inc., 167 F.Supp.2d 892 (W.D. Va. 2001) (Consumer demonstrated that the arbitration clause precludes her from effectively vindicating the rights afforded her by the Truth in Lending Act because the fees under AAA's Rules were financially prohibitive). Phillips v. Associates Home Equity Services, 179 F.Supp.2d 840 (N.D. Ill. 2001) (arbitration clause not enforced in Truth in Lending Act suit because the costs of arbitration under AAA's Commercial Rules are prohibitive). Ball v. SFX Broadcasting, Inc. 165 F.Supp.2d 230 (N.D.N.Y.2001) (plaintiff demonstrated that she cannot afford to pay the fees imposed under the arbitration agreement") Here Plaintiff's "Memorandum in Support of Objections to Motion to Dismiss" dated September 2, 2003 provided evidence and an affidavit indicating that the arbitration claims would effectively bar her claim under the Federal Truth and Lending Act. Defendant has provided no evidence to dispute this. Thus Plaintiff relies on the arguments and evidence submitted in Plaintiff's previous memorandum.

THE PLAINTIFF,
SUSAN PULLEN

BY _____
MICHAEL KENNEDY, ATTORNEY
101 WEST MAIN STREET
BRANFORD, CT 06405
No#: (203) 481-4040
Juris no. 415666

4

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed to the following parties of record postage prepaid this 2nd day of December, 2003:

Arthur K. Engle, Esquire
P.O. Box 1107
Darien, CT 06820

P&D Auto LLC
138 Norwich Ave.
Norwich, CT 06360

_____
Michael W. Kennedy