UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

SUSAN PULLEN, Plaintiff

VS.

CIVIL ACTION NO.
303 CV 00962 (AVC)

P & D AUTO LLC and SOURCE
ONE FINANCIAL CORP., Defendants

DECEMBER 11, 2003

### REPLY MEMORANDUM IN SUPPORT OF SOURCE ONE FINANCIAL CORPORATION'S PETITION FOR STAY OR DISMISSAL

There is no merit to Plaintiff's argument that the arbitration provision at issue is too ambiguous to constitute an agreement to arbitrate. The arbitration provision states:

> I further agree and attest that any disputes relating to this Contract or interpretation of this contract shall be resolved via arbitration before a single arbitrator to be mutually agreed on, and that I will not initiate any other legal action without first submitting the dispute to arbitration.

The context and wording of this arbitration provision leave no doubt that Plaintiff agreed to and is subject to this provision.

First, the front of the contract states in bold, capital typeface that by signing, the buyer agrees to all terms on the front and back of the contract. Thus, by signing the contract, Plaintiff indicated that she agreed to the provision at issue on the back of the contract, i.e., "that any disputes relating to this Contract or interpretation of this contract shall be resolved via arbitration." The arbitration provision at issue, captioned "**DISPUTE RESOLUTION AND GOVERNING LAW,**" (emphasis in original), is the twentieth and last provision in a series of provisions that appears on the back of the contract. Each of the first nineteen provisions recites Plaintiff's rights and obligations under the contract. By signing the contract, Plaintiff agreed to

each of those nineteen provisions. It is disingenuous of Plaintiff to claim that she did not also agree to the twentieth such provision, which also recites her rights and obligations under the contract, and to claim that it somehow does not apply to her.

In addition, the use of the passive voice in this provision ("all disputes . . . shall be resolved via arbitration") makes it evident that both parties to the contract are subject to the provision and must have their disputes resolved by arbitration. Thus, there is no merit to Plaintiff's alternative argument that the provision should be interpreted as binding only on Source One. To make such a finding would be to impose the very same inequity that Plaintiff complained about in her brief in support of her objection to Source One's Motion to Dismiss, i.e., that the arbitration provision is one-sided and requires only the buyer to submit all claims to arbitration. In fact, the provision applies to both the buyer and seller by requiring that all claims be submitted to arbitration, regardless of who submits them.

Thus, Plaintiff agreed to the arbitration provision at issue, and she is subject to the terms and requirements of the provision.

Green Tree Financial Corp.-Alabama v. Randolph, 531 U.S. 79 (2000), directly addresses Plaintiff's claims of financial hardship and of prohibitive arbitration costs. As in the present case, Green Tree involved a claim for a violation of the Truth in Lending Act. The plaintiff contended that the arbitration agreement's silence with respect to costs and fees created a "risk" that she would be required to bear prohibitive arbitration costs if she pursued her claims in an arbitral forum. In its ruling, the United States Supreme Court stated that "where . . . a party seeks to invalidate an arbitration agreement on the ground that arbitration would be prohibitively

2

expensive, that party bears the burden of showing the likelihood of incurring such costs." Id. at 92. The Court found that the record did not show that the plaintiff would bear such costs if she went to arbitration. Therefore, it held that "the 'risk' that [the plaintiff would] be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." Id. In ruling on the plaintiff's motion for reconsideration, the Court reiterated that the plaintiff "plainly failed to make any factual showing that the American Arbitration Association would conduct the arbitration, or that, if it did, she would be charged the filing fee or arbitrator's fee that she identified." Id.

In making its ruling, the Court was "mindful of the FAA's purpose 'to reverse the longstanding judicial hostility to arbitration agreements . . . and to place arbitration agreements upon the same footing as other contracts.'" Id. at 521 (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)). The Court noted that "even claims arising under a statute designed to further important social policies may be arbitrated because 'so long as the prospective litigant effectively may vindicate [his or her] statutory cause of action in the arbitral forum,' the statute serves its functions." Id. (quoting Gilmer, 500 U.S. at 28). The Court further noted that to invalidate the arbitration agreement based on the plaintiff's claims regarding arbitration fees "would undermine the 'liberal federal policy favoring arbitration agreements.'" Id. at 522 (quoting Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)).

Likewise, in the present case, Plaintiff has failed to meet her burden of showing that the American Arbitration Association (AAA) would conduct the arbitration or that she would be

charged the fees cited in her affidavit.[1]  Plaintiff incorrectly presumes that arbitration would be before the AAA.  The arbitration provision at issue states that disputes "shall be resolved via arbitration before a single arbitrator <u>to be mutually agreed upon by the parties</u>."  (Emphasis added).  The provision further provides that "<u>if the parties cannot agree</u> on an arbitrator," any disputes will be arbitrated before the AAA.  In other words, Plaintiff is not required to arbitrate before the AAA, any more than Source One is.  Both parties are free to arbitrate in another forum, provided they can agree on an arbitrator.  Thus, all of the cases cited by Plaintiff, all of which involved arbitration before the AAA, are completely inapplicable.  Likewise, the statements in Plaintiff's affidavit and the schedule of AAA fees attached as Exhibit B to Plaintiff's Memorandum in Support of Objections to Motion to Dismiss are irrelevant.  Plaintiff has not shown and cannot show that arbitration would be before the AAA.

As in <u>Green Tree</u>, even if the AAA were to conduct the arbitration, there is nothing to show that Plaintiff would be charged the fees she lists in her affidavit.  For one thing, Exhibit B to Plaintiff's Memorandum in Support of Objections to Motion to Dismiss indicates that arbitrator's fees and administrative fees may be waived for consumers such as Plaintiff.  Even if not waived, a consumer's fees are capped at $125 for a claim that does not exceed $10,000 and at $375 for a claim greater than $10,000 but not exceeding $75,000.  (The consumer is not responsible for AAA administrative fees if the claim does not exceed $75,000).  Here, Plaintiff's claim is for far less than $75,000 and appears to be for even less than $10,000.  Thus, even if arbitration were before the AAA, Plaintiff's fees would be very minimal.

---

[1] Plaintiff states that she relies on the affidavit she filed with her Memorandum in Support of Objections to Motion to Dismiss.

4

In addition, there is nothing to suggest that the arbitration fees cited by Plaintiff with regard to the AAA would be required in another arbitration forum.

Thus, as in <u>Green Tree</u>, Plaintiff has not met her burden of showing the likelihood of incurring the claimed arbitration costs. Accordingly, the arbitration provision must be enforced. Failure to enforce it would run counter to the purpose of the FAA and undermine the federal policy favoring arbitration agreements.

Plaintiff states that she relies on the arguments and evidence submitted in her Memorandum in Support of Objections to Motion to Dismiss. To the extent that the Court intends to consider such arguments and evidence, Source One relies on the arguments it raised in its Memorandum of Law in Support of Motion to Dismiss, filed July 29, 2003, and in its Reply Memorandum in Support of Motion to Dismiss, filed September 22, 2003.

WHEREFORE, Defendant Source One Financial Corporation respectfully requests that the Court grant its Petition for Stay or Dismissal.

SOURCE ONE FINANCIAL CORPORATION

BY: Arthur K. Engle (ct# 21762)
RUCCI, BURNHAM, CARTA & EDELBERG, LLP
30 Old Kings Highway South
Post Office Box 1107
Darien, Connecticut 06820
Tel: (203) 899-3334
Fax: (203) 655-4302
Email: aengle@rbce.com

## CERTIFICATION

I hereby certify that a copy of the Reply Memorandum in Support of Source One Financial Corporation's Petition for Stay or Dismissal was sent by U.S mail, postage prepaid, this 11th day of December, 2003, to the following:

Michael W. Kennedy, Esq.
101 West Main Street
Branford, Connecticut 06405

P & D Auto LLC
138 Norwich Avenue
Norwich, Connecticut 06360

_____
Arthur K. Engle (ct# 21762)